# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
## WESTERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION NO. 5:03cr9-Br-S

CARLOS OWENS                                                              DEFENDANT

### ORDER

This cause is before the Court on the defendant's pro se Motion for Reduction of Sentence [docket entry no. 50] and a similar motion filed on his behalf by the Federal Public Defender [docket entry no. 54], wherein the defendant requests a reduction of his sentence pursuant to the recent amendments to the sentencing guidelines applicable to offenses involving cocaine base and the subsequent decision by the United States Sentencing Commission to make this amendment retroactive. Having carefully considered the motion, the government's response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On August 4, 2003, following a conviction for conspiracy to distribute cocaine base and possession with the intent to distribute cocaine base, the defendant was sentenced to 108 months imprisonment for each of two counts, to run concurrently, 36 months supervised release, a $2,500.00 fine and a $200.00 special assessment. According to information provided by the United States Probation Office, Owens was held accountable for 26.6 net grams of

cocaine base, which provided for a base offense level of 28. Owens was not given a downward departure for acceptance of responsibility. He was in a criminal history category of II. The applicable guideline range for a total offense level of 28 and a criminal history category of II was 87 to 108 months. Owens was sentenced to 108 months for each of two counts, to run concurrently.

After the defendant was sentenced, Amendment 706 to the Sentencing Guidelines, which lowers the base offense levels applicable to crack cocaine offenses, went into effect on November 1, 2007. The United States Sentencing Commission determined that Amendment 706 would apply retroactively through United States Sentencing Guidelines Manual § 1B1.10, effective on March 3, 2008. The result of the amendment and its retroactivity is that this Court, pursuant to 18 U.S.C. 3582(c)(2), has the discretion to reduce the terms of a defendant's imprisonment when certain criteria are met.

On February 26, 2008, the defendant filed a Petition for Reduction of Sentence. Later, on April 17, 2008, the Federal Public Defenders Office filed a subsequent Motion for Reduction of Sentence. These motions now are before the Court.

Based on the amended guidelines, the base offense level for the defendant's offense is 26, rather than 28. The guideline sentencing range for a total offense level of 26 with a criminal

history category of II is 70 to 87 months. The defendant asks the Court to reduce his sentence to 70 months, the minimum under the guidelines.

When the defendant was originally sentenced, the Court did not sentence the defendant to the guideline minimum, which was 92 months. Rather, the defendant was sentenced to 108 months, the guideline maximum. In fashioning the appropriate sentences, the Court took into consideration the fact that Owens had a history of drug-related offenses. The Court determines that the defendant's criminal history is equally relevant to his request for sentence modification. The Court, therefore, reduces the defendant's sentences as to both counts from 108 months to 87 months. The sentences are still to run concurrently.

### III. CONCLUSION AND ORDER

Based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that the Motion for Reduction of Sentence [docket entry no. 54], which was filed by the Federal Public Defender on Owens' behalf, is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant's pro se Motion for Reduction of Sentence [docket entry no. 50] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the defendant Carlos Owens' sentences as to both counts be, and are hereby, reduced from 108 months to 87 months, and the sentences still are to run concurrently.

3

**IT IS FURTHER ORDERED** that all other terms and provisions of the original judgment remain unchanged and in full force and effect.

**SO ORDERED**, this the 2nd day of March 2009.

                       s/ David Bramlette
                       **UNITED STATES DISTRICT JUDGE**